JAMES BUTLER *vs.* CHARLES B. FESSENDEN.

A writ returnable under the practice act of 1851, *c.* 233, to the clerk's office on a Monday, and not to any term of the court, may be duly served on the second Monday preceding.

On a writ of error to reverse a judgment by default, where the only error assigned was, that the writ was served on the fourteenth day next preceding the return day, the defendant in error, having prevailed, was allowed double costs and nine per cent. interest, according to the provisions of Rev. Sts. *c.* 112, § 14.

SHAW, C. J.    This was a writ of error, brought to reverse a judgment recovered by the defendant against the plaintiff, at the last October term of the court of common pleas for the county of Suffolk.    The suit seems to have been commenced under the new practice act, *St.* 1851, *c.* 233, the writ being made returnable on the first Monday in November, 1851, at the clerk's office, and not at any term of the court.    The judgment appears to have been rendered against the plaintiff in error, as indorser of a promissory note, on his default, and having failed to file an affidavit of merits, within the time limited by the practice act.

Two errors are assigned : first, that the original writ was served on the 20th October, and returnable on the first Monday of November next following, and less than fourteen days after service.    The second is the same in substance ; that the writ was not made returnable at the return day next after fourteen days from the date and service.

If the third day of November was Monday, October being a month of thirty-one days, the 20th October must have been Monday.    Stating the fact more precisely, the writ was served on Monday, October 20, returnable on Monday, 3d November. This, we think, was legal service.    The practice act, in force when this action was commenced, does not in this respect alter the revised statutes, requiring writs to be served fourteen days before the return day.    In computing time with a view to the service of process, we have always understood, that the day on which process is served is one of the term of fourteen, at the expiration of which the writ is returnable.

When the computation is from an act done, the day of the act done is included. *Castle* v. *Burditt*, 3 T. R. 623; *Glassington* v. *Rawlins*, 3 East, 407. This rule is applied to statutes directing the service of process in this commonwealth. *Adams* v. *Cummiskey*, 4 Cush. 420. And in analogous cases, where a certain number of days is to expire, after an act done, — an appeal taken, — before another act done, as, its entry in court. *Wheeler* v. *Bent*, 4 Pick. 167. We have not considered some formal objections to this writ of error, being of opinion that there is no ground on the merits for reversing the judgment.

*Judgment of the court of common pleas affirmed with costs.*

On a subsequent motion of the defendant in error, for double costs and interest on the former judgment at twelve per cent., according to the provisions of Rev. Sts. c. 112, § 14, on consideration, it was ordered that the defendant in error be allowed costs of this writ and interest on his former judgment, at the rate of nine per cent. per annum.

*E. F. Hodges*, for the plaintiff in error.

*T. Willey*, for the defendant in error.